UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KELLY DESHUN HEMPHILL,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Case No. 1:09-CV-385
(Criminal Case No. 1:07:CR:249-03)

HON. GORDON J. QUIST

## OPINION

Before the Court is Petitioner's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 and Petitioner's motion for an evidentiary hearing**.** For the following reasons, Petitioner's motions will be denied.

### Procedural History

On January 29, 2008, Defendant Kelly Hemphill pled guilty, without a written plea agreement, to conspiracy to distribute more than fifty (50) grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On May 1, 2008, Hemphill was sentenced to a statutory mandatory minimum 240 months in prison, a statutory mandatory minimum 10 years of supervised release, a fine of $4,500.00, and a statutory mandatory $100.00 special assessment. Hemphill was advised of his right to appeal, but he did not file a direct appeal. On April 24, 2009, Hemphill filed this action claiming ineffective assistance of counsel pursuant to 28 U.S.C. § 2255.

### Petitioner's Motion for an Evidentiary Hearing

Petitioner contends that he directed his counsel to file an appeal on his behalf, and that he wrote counsel on several occasions to ask about the status of his direct appeal. While an evidentiary

hearing is normally required to resolve factual disputes, an evidentiary hearing is not necessary where "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999), *rev'd in part on other grounds*, 349 F.3d 310 (6th Cir. 2003) (citations and quotations omitted).

Petitioner supports his contention by citing to alleged letters he wrote his counsel regarding the status of his direct appeal, but he did not attach the letters to his petition. (Pet.'s Br. at 3.) Respondent, however, attached an affidavit from Petitioner's counsel and letters defense counsel sent Petitioner regarding his case. In one of the letters, defense counsel wrote, "Kelly you have told me numerous times that you did NOT want to appeal. After sentencing I asked you again and you said you did NOT want to appeal. We have 10 days to file an appeal. Please contact me ASAP if you have changed your mind." (May 1, 2008 letter from Raskiewicz to Hemphill, Resp't's Ex. 3 (emphasis in original).) In her affidavit, defense counsel stated that Petitioner did not contact counsel to instruct her to file an appeal on his behalf. (Affidavit of Raskiewicz, Resp't's Ex. 3 at 3.) Therefore, the Court finds that Petitioner has not presented a credible factual dispute and the Court will deny Petitioner's motion for an evidentiary hearing.

### Petitioner's Ineffective Assistance of Counsel Claim

As to the merits of Petitioner's claim, Petitioner argues that his counsel was ineffective because he instructed counsel to file a notice of appeal and she did not do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), announced that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *See Roe*, 528 U.S. at 477, 120 S. Ct. 1029. The inquiry requires that a court first ask whether the trial counsel's performance fell below the

reasonably accepted professional standard. Put another way, the court must assess whether "counsel's performance was constitutionally deficient such that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir.2001). In assessing the attorney's conduct under Strickland's first prong, the Supreme Court said that "courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential.'" *Roe*, 528 U.S. at 477, 120 S. Ct. 1029 (citations omitted). The second component of the Strickland inquiry requires the court to determine whether the "counsel's deficient performance prejudiced the defendant." *Id*. To establish prejudice, the petitioner must "demonstrat[e] that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Magana*, 263 F.3d at 547 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

The Court has held that it is professionally unreasonable for a lawyer to fail to file an appeal when specifically instructed to do so. *Roe*, 528 U.S. at 477, 120 S. Ct. at 1035. However, *Roe* rejected a per se rule that an attorney must always file an appeal unless specifically told otherwise, and determined that when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal. *Id.* at 478, 120 S. Ct. at 1035. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If, on the other hand, counsel failed to consult with her client,

then the court must address whether the failure to consult, by itself, is indicative of deficient performance. *See id.*

As discussed above, Petitioner told his counsel that he did not want to file an appeal on several occasions. (*See* May 1, 2008 letter from Raskiewicz to Hemphill, Resp't's Ex. 3.) Despite this consistent response, defense counsel sent Petitioner another letter after his sentencing hearing to ascertain if Petitioner changed his mind, even including a stamped envelope for the reply. *See id.* As counsel stated in her affidavit, Petitioner did not respond to her letter. (Affidavit of Raskiewicz, Resp't's Ex. 3 at 3.) Additionally, Petitioner has presented no credible evidence showing that he expressly instructed his counsel to file an appeal on his behalf. Therefore, the Court finds that defense counsel's conduct was reasonable and Petitioner's claim of ineffective assistance of counsel is without merit.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. For the reasons stated by this Court, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny the certificate of appealability. Accordingly,

IT IS HEREBY ORDERED that Petitioner's motion to vacate his conviction and sentence (docket #1) under 28 U.S.C. § 2255 and Petitioner's motion for an evidentiary hearing (docket #2) are both DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is hereby DENIED.

This case is concluded.

Dated:  November 20, 2009                                       _____/s/ Gordon J. Quist_____
                                                      GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE